Koepke v. Ramsey County Sheriff Dept.                                                                Doc. 3

Case 0:06-cv-03619-MJD-JJG   Document 3   Filed 09/12/2006   Page 1 of 7

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT L. KOEPKE,                                          Civil File No. 06-3619 (MJD/JJG)

        Plaintiff,

v.                                                         REPORT AND RECOMMENDATION

RAMSEY COUNTY SHERIFF'S DEPT.,

        Defendant.

Plaintiff, an inmate at the Sherburne County Jail in Elk River, Minnesota, commenced

this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42

U.S.C. 1983." (Docket No. 1.) The matter is presently before the undersigned Magistrate

Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons

discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief

can be granted. The Court will therefore recommend that this action be summarily dismissed

pursuant to § 1915A(b)(1).

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead applied
for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The IFP application indicates
that Plaintiff may be unable to afford even the initial partial filing fee that prisoners are required
to pay pursuant to 28 U.S.C. § 1915(b)(1). Based on the information in the IFP application,
the Court finds, for now, that Petitioner has "no assets and no means by which to pay the initial
partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the
initial screening process prescribed by § 1915A.

Dockets.Justia.com

## I. BACKGROUND

Plaintiff is attempting to sue a Defendant identified as "Ramsey County Sheriff's Dept" or "R.C.S.D."  He alleges that he was arrested by R.C.S.D. on May 15, 2006, and at that time, someone, (identified only as "they"), took his "Rolex, wedding ring, Diamond ring, Diamond earring, wallet containing misc. papers and $350.00 money order, [and] $500.00 cash." Three days later, on May 18, 2006, Plaintiff allegedly was "transported" to the United States Marshal, presumably because he is facing a federal criminal prosecution.[2]  Plaintiff claims that the property taken from him on May 15, 2006, "was never turned over" to the Marshal, and that "R.C.S.D. can not find any of it."[3]  Based on these meager allegations, Plaintiff is now seeking the following relief:  "Return my property or have R.C.S.D. pay for missing property and money, plus all Court cost and filing fees."

## II. DISCUSSION

Because Plaintiff is a prisoner who is trying to sue a purported governmental agency, (i.e., the Ramsey County Sheriff's Department), his pleading is subject to the initial screening procedures prescribed by 28 U.S.C. § 1915A.  That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental defendants "before docketing,

---

[2]  The Court notes that federal criminal charges involving alleged possession and distribution of methamphetamine are pending against Plaintiff in United States v. Koepke, Crim. No. 06-174(1) (DSD/AJB).

[3]  The complaint also states that "R.C.S.D. is [sic] me a check for $490.00 ck # 057518," which "has not been cashed."  The significance of this allegation, if any, is not apparent.

if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, Plaintiff has failed to state any cause of action on which relief can be granted, because the only Defendant named in his complaint, "Ramsey County Sheriff's Dept," is not a suable entity. Although the capacity of a sheriff's department to be sued must ultimately be determined by state law, (Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992), citing Fed. R. Civ. P. 17(b)), most courts that have considered the issue have found that a sheriff's department, (like a police department), cannot be sued as such. Id. at 1215 ("county sheriff's department lacks the capacity to be sued"); Bradford v. Gardner, 578 F.Supp. 382, 383 (E.D.Tenn. 1984) ("the Sheriff's department itself is not a suable entity under § 1983"); Cote v. Kontos, No. 88 C 4751, (N.D.Ill 1989), 1989 WL 10854 at *4 ("[t]he Sheriff's Department of each of these counties does not have a legal existence separate from the county and the Sheriff and therefore is not a suable entity"); Jacobs v. Port Neches Police Dep't, 915 F.Supp. 842, 844 (E.D.Tex. 1996) ("[b]ecause there is no indication that the 'Jefferson County Sheriff's Department' enjoys a separate legal existence, it is not a proper party, and the cause of action against it should be dismissed").

This Court finds no reason to conclude that the legal status of a sheriff's department is different in Minnesota than it is in most other states. Moreover, at least one judge in this District has specifically ruled that a Minnesota sheriff's department is not a suable entity. In re Scott County Master Docket, 672 F.Supp. 1152, 1163, n. 1 (D.Minn. 1987) (holding that

3

Minnesota sheriffs' departments "are not legal entities subject to suit"), aff'd, 868 F.2d 1017

(8ᵗʰ Cir. 1989).  See also De La Garza v. Kandiyohi County Jail, No. 01-1966 (8ᵗʰ Cir. 2001),

2001 WL 987542 (unpublished opinion) at *1 (affirming summary dismissal of prisoner civil

rights action against county jail and county sheriff's department, "because neither named party

was a suable entity").

Because the "Ramsey County Sheriff's Department" is not a cognizable legal entity that

can be sued as such, Plaintiff's complaint fails to state an actionable claim for relief against

the only named Defendant in this case.

Furthermore, even if the Ramsey County Sheriff's Department were a suable entity, or

if Plaintiff were to amend his complaint by adding some other suable defendant(s), his

complaint would still have to be dismissed for failure to state an actionable claim.  In order to

state a cause of action under 42 U.S.C. § 1983, as Plaintiff purportedly is attempting to do

here, the claimant must allege facts showing that the named defendant(s) violated the

claimant's federal constitutional rights while acting under color of state law.  West v. Atkins,

487 U.S. 42, 48 (1988).  Plaintiff's current complaint fails to state a § 1983 claim, because

there are no allegations showing that anyone violated Plaintiff's constitutional rights.  Indeed,

there is no reference to the federal Constitution anywhere in the complaint, and there are no

factual allegations describing anything that happened to Plaintiff that could be viewed as a

violation of his federal constitutional rights.[4]  For this additional reason, Plaintiff's complaint

_____

   [4] Plaintiff might believe that he could create a federal constitutional claim, by alleging
that he was deprived of his property, (i.e., the property described in the complaint), without the
benefit of due process.  (Needless to say, no such claim has been pleaded in Plaintiff's
present complaint.)  However, even if Plaintiff could present allegations and evidence showing

4

fails to an actionable claim against R.C.S.D., (if it could be sued) -- or against anyone else.

## III.  CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint fails to state any cause of action on which relief can be granted, and, accordingly, that this action must be summarily dismissed pursuant to § 1915A(b).  It follows that Plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), must also be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii).  Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[5]  He has not yet paid any part of the filing fee, so he

---

that some suable (and identifiable) person deliberately deprived him of his property while acting under color of state law, he still would not have a sustainable § 1983 claim.  In Hudson v. Palmer, 468 U.S. 517, 533 (1984), the Supreme Court held that even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  See also Allen v. City of Kinloch, 763 F.2d 335, 336-37 (8th Cir.) ("the Supreme Court has held that, where a random and unauthorized act by a state employee results in a tortious taking of private property, due process is satisfied if state tort law provides a meaningful post-deprivation remedy"), cert. denied, 474 U.S. 946 (1985).

Here, it appears that the Plaintiff did have an adequate post-deprivation remedy for any alleged loss of his personal property, because under Minn.Stat. § 466.02, municipalities are "subject to liability for its torts and those of its officers, employees and agents acting within the scope of their employment."  If this state statute provides Plaintiff a meaningful post-deprivation remedy, as appears to be the case, then he could not maintain a federal civil rights action based on an alleged denial of due process.  See Hubenthal v. County of Winona, 751 F.2d 243, 246 (8th Cir. 1984) (per curiam) (plaintiff's due process claim dismissed because Minn.Stat. § 466.02 provided him with an adequate post-deprivation remedy for alleged loss of property).  See also Kontos v. Wheeler, No. 93-2382MN (8th Cir. 1994) 1994 WL 319290 (unpublished opinion) at * 1 ("[T]he gravamen of plaintiff's complaint is that he was deprived of property without due process of law.  It is fatal to this claim that Minnesota provides an adequate state post-deprivation remedy for loss of property.").

[5]  Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that

still owes the full $350.  That amount will have to be deducted from his institutional trust account and paid to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). In addition, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV.  RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2.  This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

4.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: September 12, 2006                         s/Jeanne J. Graham

                                                 _____
                                                 JEANNE J. GRAHAM
                                                 United States Magistrate Judge

---

prisoners "shall be required to pay the full amount of the filing fee."   In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by September 29, 2006. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.