**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ROBERT LEONARD KOEPKE,

Plaintiff,

v.

**ORDER**
Civil File No. 06-3619 (MJD/JJG)

RAMSEY COUNTY SHERIFF'S DEPT.,

Defendant.

---

Robert Leonard Koepke, pro se.

---

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Jeanne J. Graham dated September 12, 2006. The Report and Recommendation recommended that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A and that Plaintiff Robert Leonard Koepke's Application to Proceed Without Prepayment of Fees be denied on the grounds that his Complaint fails to state a claim on which relief can be granted. The Magistrate Judge reasoned that Koepke failed to state a claim because he failed to name a suitable entity as the defendant and failed to allege that anyone violated his federal constitutional rights.

Koepke filed a letter in response to the Report and Recommendation. In his

letter, Koepke requests permission to amend his Complaint to dismiss the Ramsey County Sheriff's Department and to substitute Deputy Wood and Deputy C. Freichels as defendants.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Koepke's proposed amendments to his Complaint would address the Magistrate Judge's conclusion that Koepke failed to sue a cognizable legal entity. However, the Report and Recommendation also reasoned that even if Koepke amended his Complaint to sue other defendants, his Complaint would still fail to state a § 1983 claim because he has not alleged a violation of his federal constitutional rights.

In his request to amend his Complaint, Koepke alleges that two deputies took certain personal property from Koepke and have failed to return it to him. He alleges that this action is a violation of his Fourteenth Amendment rights.

As the Report and Recommendation noted,

> an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

Hudson v. Palmer, 468 U.S. 517, 533 (1984) (footnote omitted). Minnesota law provides Koepke with an adequate state post-deprivation remedy for loss of

property.  See Kontos v. Wheeler, No. 93-2382MN,  1994 WL 319290, at *1 (8th Cir. July 6, 1994) (unpublished) (citing Hubenthal v. Winona County, 751 F.2d 243, 246 (8th Cir. 1984); Minn. Stat. § 466.02).  As the Report and Recommendation concluded, because Minnesota provides Koepke a meaningful post-deprivation remedy, he cannot maintain a federal civil rights action based on an alleged denial of due process.

Based on the Court's de novo review the Court adopts  the Report and Recommendation dated September 12, 2006.   Koepke's letter request to file an amended complaint is denied because his proposed amendment would be futile.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's letter request to file an amended complaint [Docket No. 4] is **DENIED**.

2. The Magistrate Judge's Report and Recommendation dated September 12, 2006, [Docket No. 3] is hereby **ADOPTED**.

3. Plaintiff's Application to Proceed Without Prepayment of Fees [Docket No. 2] is **DENIED**.

4. This action is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

5. Plaintiff is required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2).

6. For purposes of 28 U.S.C. § 1915(g), this action is dismissed "on the

grounds that it . . . fails to state a claim on which relief may be granted."

Dated: November 29, 2006

s / Michael J. Davis
Judge Michael J. Davis
United States District Court